UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GOLDMAN VISTA HOLDINGS LLC DBA KRYSTAL CLEAN CAR WASH | § § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION NO.  4:22-cv-431 |
| OHIO SECURITY INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**DEFENDANT OHIO SECURITY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Ohio Security Insurance Company ("OSIC") respectfully petitions this Court for removal of the above-entitled action to the United States District Court for the Northern District of Texas from the District Court of Tarrant County, Texas, and for its Notice of Removal states:

**I.**
**REMOVAL JURISDICTION**

1.      Under 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant(s), to the district court of the United States for the district and division embracing the place where such action is pending."

2.      This action, entitled *Goldman Vista Holdings LLC dba Krystal Clean Car Wash  v. Ohio Security Insurance Company,* pending in the 236th District Court of Tarrant County, Texas, Cause No. 236-332949-22, was commenced against OSIC via the filing of Plaintiff's Original

Petition (the "Petition") on April 7, 2022. *See* **Exhibit A**, Index of Documents Filed in State Court, with the attached Petition.

3. OSIC was served on April 19, 2022. Accordingly, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. Plaintiff, Goldman Vista Holdings LLC dba Krystal Clean Car Wash ("Goldman Vista"), is a limited liability company with its principal place of business in Texas. "The citizenship of a[n] LLC is determined by the citizenship of all of its members," *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Goldman Vista Holdings has two members, Hanh Tran and Ruby Tran, who are both citizens of Texas. Thus, Goldman Vista Holdings LLC is a citizen of Texas.

5. OSIC is a company organized under the laws of the State of New Hampshire, with its principal place of business in Boston, Massachusetts. For diversity purposes, OSIC is a citizen of both New Hampshire and Massachusetts.

6. Plaintiff alleges causes of action against OSIC for breach of contract, violations of the Texas Insurance Code, and also makes a request for declaratory judgment. *See* Ex. A-2, ¶¶ 24-29.

7. Accordingly, removal is proper because there is complete diversity between the named parties under 28 U.S.C. § 1332.

## II.
## AMOUNT IN CONTROVERSY

8. This is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff has pled that he seeks monetary relief over $250,000 but less than $1,000,000. *See* Ex. A-2, ¶ 6. Plaintiff additionally claims contractual damages alone of $299,355.43. *See* Plaintiff's January 14, 2022, Demand Letter as **Exhibit B**, p.

2. Plaintiff further requests three times his actual contractual damages of $299,355.43 for OSIC's alleged noncompliance with the Texas Insurance Code. *See* Ex. A-2, ¶ 28. Plaintiff further requests reasonable attorney's fees. *See* Ex. A-2, ¶ 30.

9. Thus, because Plaintiff's alleged actual damages are in excess of $75,000, exclusive of interest and costsb and because Plaintiff could potentially recover both treble damages and his attorney's fees under the law, it is apparent that the damages sought by Plaintiff are greater than $75,000, exclusive of interest and costs. Therefore, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

### III.
### ATTACHMENTS

10. In accordance with 28 U.S.C. § 1446(a) and L.R. 81.1, the following are attached to this notice:

- An index of all documents filed in the state court that clearly identifies each document and indicates the date the document was filed (*see* Exhibit A);
- A completed cover sheet;
- A supplemental cover sheet;
- A copy of the docket sheet in the state court action;
- Each document filed in the state court action filed as a separate attachment; and
- A separately signed certificate of interested persons.

### IV.
### NOTICE TO STATE COURT

11. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the District Court of Tarrant County, Texas.

12. Pursuant to Federal Rule of Civil Procedure 38, OSIC demands a trial by jury.

V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, OSIC respectfully gives notice that this state court action has been removed and placed on this Court's docket for further proceedings. OSIC further requests any additional relief to which it may be justly entitled.

Respectfully Submitted,

*/s/Kieran W. Leary*
**Kieran W. Leary**
Texas State Bar No. 24108517
kieran.leary@wilsonelser.com
**Jeffrey D. Hill**
Texas State Bar No. 24089223
Jeffrey.hill@wilsonelser.com
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**
901 Main Street, Suite 4800
Dallas, Texas 75202-3758
(214) 698-8000 - telephone
(214) 698-1101 – telecopier

**ATTORNEYS FOR DEFENDANT OHIO SECURITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing document was electronically filed and duly served upon all parties entitled to receive notice via the Court's CM/ECF Court Filing System this 18th day of May, 2022.

*/s/Kieran W. Leary*
Kieran W. Leary