# EXHIBIT A-2

FILED
TARRANT COUNTY
4/7/2022 11:04 AM
THOMAS A. WILDER
DISTRICT CLERK

236-332949-22

CAUSE NO. _____

| | | |
|---|---|---|
| GOLDMAN VISTA HOLDINGS LLC | § | IN THE DISTRICT COURT |
| DBA KRYSTAL CLEAN CAR WASH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | \_\_\_\_\_   JUDICIAL DISTRICT |
| OHIO SECURITY INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff GOLDMAN VISTA HOLDINGS LLC DBA KRYSTAL CLEAN CAR WASH

("Plaintiff") files this Original Petition against Defendant OHIO SECURITY INSURANCE

COMPANY ("Defendant" and "OHIO SECURITY") and for causes of action would respectfully

show the Court the following:

### I. DISCOVERY LEVEL

1.      Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to

conduct discovery under Level 3.

### II. VENUE

2.      Venue is appropriate in TARRANT County, Texas because all or part of the events

giving rise to the causes of action occurred in TARRANT County, Texas and the property which

is the subject of this suit is located in TARRANT County, Texas.

### III. PARTIES

3.      Plaintiff is a domestic limited liability company whose principal place of business

is in Southlake, Tarrant County, Texas.

4.      Defendant OHIO SECURITY INSURANCE COMPANY is in the business of insurance in the State of Texas. The insurance business done by OHIO SECURITY INSURANCE COMPANY in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;

- The taking or receiving of application for insurance, including Plaintiffs' application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

5.      Defendant OHIO SECURITY INSURANCE COMPANY is an insurance company doing business in the State of Texas licensed with the Texas Department of Insurance. Accordingly, Defendant may be served with process by serving its Registered Agent for Service: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218. ***Plaintiff requests that citation be issued and that service be made by certified mail, return receipt requested.***

### IV. NATURE OF THE CASE; RELIEF SOUGHT

6.      This is a first-party insurance case stemming from extensive damage to Plaintiff's property from a hail event in June 2019. Plaintiff seeks damages for breach of contract and violations of the Texas Insurance Code, including "knowing" violations. Plaintiff also seeks its attorneys' fees, compensatory damages, statutory penalties, exemplary damages, enhanced damages, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000.

## V. BACKGROUND FACTS

7.      Plaintiff owns the property located at 955 Davis Blvd., Southlake, Texas 76092-8227 ("the Property"). At all relevant times, the Property was covered by a policy of insurance, numbered BKS (20) 59 55 36 17, issued by OHIO SECURITY ("the Policy"). The Policy covered the Property against loss by wind, hail and water damage, among other perils.

8.      As a consequence of a severe storm event on or about June 16, 2019, the Property sustained extensive hail damage. The damage is covered under the Policy issued by OHIO SECURITY.

9.      Plaintiff gave timely notice to OHIO SECURITY. Plaintiff has performed all conditions precedent to its recovery under the Policy. Plaintiff faithfully paid all the premiums under the above-referenced Policy, and Plaintiff cooperated with OHIO SECURITY's investigation of the claim.

10.     OHIO SECURITY assigned the claim to adjusters to investigate, report on and adjust the loss. Plaintiff provided information to the adjusters as well as opportunities for the adjusters to inspect the property. However, upon information and belief, no Texas licensed insurance adjuster for OHIO SECURITY ever visited or inspected Plaintiff's Property. Instead, OHIO SECURITY and its adjusters intentionally limited their investigation activities to review of prior loss history. The adjusters then hired an engineer they knew would provide them with cover for their pre-determined denial of Plaintiff's claim.

11.     Instead of hiring SDii Global Corporation to do an independent analysis of Plaintiff's loss OHIO SECURITY hired SDii Global and its engineers to rubber stamp OHIO SECURITY's basis for denying Plaintiff's claim and to convince Plaintiff that its property damages were caused by one or more hailstorms that occurred before the effective dates of the

Policy rather than the June 2019 hailstorm at issue. In doing so, Defendant and its adjusters failed to conduct a reasonable investigation of Plaintiff's claim.

12.     On or about July 10, 2020, SDii Global visited the Property and conducted visual observations of the property damage only, without obtaining any microscopic analysis and/or chemical testing of Plaintiff's metal roof and without obtaining any samples of Plaintiff's metal roof for laboratory microscope analysis and/or other laboratory testing. Notwithstanding its limited and biased investigation, SDii Global provided OHIO SECURITY with a report dated July 23, 2020 that concluded the "hailstone impacts occurred during storms dating back to at least June 2019," and that Plaintiff's metal roof panels "exhibited numerous, widespread dents due to hailstone impacts." SDii Global's engineer offered the opinion that the damage to the metal roof panels are "non-structural cosmetic dents," but the Policy does not contain a cosmetic exclusion for hail damage to metal roof surfaces. It matters not whether the damage from the June 16, 2019 hailstorm was cosmetic or structural—the Policy provides coverage for direct physical loss caused by hail.

13.     Nevertheless, OHIO SECURITY concluded its investigation on or about August 19, 2020, adjusted Plaintiff's claim and determined that Plaintiff was owed $0.00 for covered hail-related damages to the Property.

14.     Only after OHIO SECURITY's engineer concluded that hail from June 2019 damaged Plaintiff's Property did OHIO SECURITY and its adjusters seek "further analysis regarding when the hail damage occurred, hail damage present on the canvas canopies, and EIFS exterior," and provided SDii Global with additional documentation concerning the prior loss for comparison. Then, at OHIO SECURITY's request, SDii Global's engineer issued a clarification letter on or about October 27, 2020 stating the hailstones that damaged Plaintiff's property

occurred as far back as October 2013 and that no additional hailstorms resulting in dents, fractures or tears affected the property after March 24, 2019. This is the same engineer that, only three months before, concluded hailstone impacts damaged the Property consistent with Plaintiff's date of loss that occurred during the effective policy period.

15.     On October 30, 2020, OHIO SECURITY issued a letter in response to Plaintiff's request for reconsideration and doubled down on its coverage decision to deny Plaintiff's claim citing the SDii Global report and clarification letter as well as the prior loss history as it basis for denial.

16.     By denying Plaintiff's claim, OHIO SECURITY forced Plaintiff to incur more than $14,500 in costs to complete its own investigation and independent inspection of the Property and analysis of the extent of damage caused by the storm in question. Plaintiff hired PMI Specialists, metallurgical engineers, and Michael Unger, a causation and damages building consultant to investigate its loss. Unger fully inspected the roof system, and PMI Specialist obtained samples of the roof for laboratory microscopic analysis and testing.  PMI Specialist's report and Unger's cost of repairs estimate were provided to OHIO SECURITY on or about January 14, 2022. OHIO SECURITY has underpaid Plaintiff by approximately $285,215.43.

17.     OHIO SECURITY wholly failed to estimate the cost of repair to the Property during the claims handling period.

18.     OHIO SECURITY failed to conduct a full and fair and reasonable investigation of Plaintiff's claim, including as to the full scope and extent of covered losses and damages of Plaintiff's insured Property and as to the reasonable and necessary scopes of repairs of all such Property. OHIO SECURITY did this inadequate assessment despite plainly visible and extensive damage to the Property, thereby undervaluing the claim and drastically reducing OHIO

SECURITY's exposure under the Policy and further violating the terms of the insurance Policy by failing to pay for the covered damage caused by the storm at issue.

19.     OHIO SECURITY failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to Plaintiff under the Policy is without dispute. This conduct is a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code.

20.     OHIO SECURITY refused to fully compensate Plaintiff under the terms of the Policy and failed to conduct a reasonable investigation. OHIO SECURITY and its adjusters performed an outcome-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is a violation of Section 541.060(a)(7) of the Texas Insurance Code.

21.     OHIO SECURITY has failed and refused to pay Plaintiff in accordance with its promises under the Policy and has wrongfully underpaid Plaintiff's claims for covered damages to the Property. In addition, OHIO SECURITY violated the Prompt Payment of Claims Act, Texas Ins. Code § 542.055 *et. seq.*, and statutory prompt payment penalties should be calculated from the time Defendant issued its original claim decision letter in August 2020.

22.     The amount of Plaintiff's damages is well established and has been provided to Defendant. Plaintiff's covered property damage has not been paid despite Plaintiff having performed all conditions precedent to recovery under the Policy.

23.     OHIO SECURITY forced Plaintiff to file this suit by denying Plaintiff's claim for covered damages. Thus, Defendant failed to meet its obligation under the Policy regarding investigation and payment of the claim without delay. This conduct is in violation of Section 542.058 of the Texas Insurance Code and Defendant is liable for damages as provided by Section 542.060.

## VI. CLAIMS AGAINST DEFENDANT OHIO SECURITY INSURANCE COMPANY

24.     **Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to the Texas Declaratory Judgment Act, Plaintiff is entitled to a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against OHIO SECURITY.

25.     **Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of OHIO SECURITY and its agents constitute a breach and/or anticipatory breach of OHIO SECURITY's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of its contractual demands. The damage to Plaintiff's Property occurred during the effective policy period and was covered under the Policy issued by Defendant, but Defendant failed to pay for all covered damages. Accordingly, Plaintiff brings an action for breach of contract against OHIO SECURITY pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

26.     **Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, OHIO SECURITY was engaged in the business of insurance as defined by the Texas Insurance Code and is therefore a "Person" as defined by Texas Insurance Code Section 541.002. The acts and omissions of OHIO SECURITY and its agents constitute one or more violations of the Texas Insurance Code. More specifically, OHIO SECURITY has, among other violations, violated the following provisions of the Code:

   a. Texas Insurance Code, Chapter 542, Subchapter B, the Prompt Payment of Claims Act; and

b. Texas Insurance Code, Section 541.060(a) by:

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear; and

- refusing to pay Plaintiff's claim without conducting a reasonable investigation of the claim.

27.     As a result of the foregoing conduct, which was and is/are the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Thus, pursuant to Texas Insurance Code Section 541.151, Plaintiff is entitled to bring this cause of action against Defendant for violations of Chapter 541.

28.     Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek three times the amount of actual damages (treble damages) pursuant to Section 541.152.

29.     OHIO SECURITY has also violated the Texas Prompt Payment of Claims Act. Plaintiff gave Defendant timely notice of the loss and allowed OHIO SECURITY to inspect the Property when requested by Defendant. Defendant completed its investigation on or about August 19, 2020 when it denied Plaintiff's claim for covered damages. Thus, statutory damages pursuant to Texas Insurance Code Section 542.051, *et seq.* began to accrue on or about August 19, 2020. Plaintiff seeks statutory damages as a penalty, plus reasonable and necessary attorneys' fees incurred as a result of these violations.

30.     **Attorneys' fees.** Plaintiff re-alleges the foregoing paragraphs. Plaintiff has been required to engage the services of the undersigned attorneys and has agreed to pay its attorneys a reasonable fee for services expended and to be expended in the prosecution of its claims against

OHIO SECURITY through the trial court and all levels of the appellate process. Plaintiff seeks the recovery of all of its attorneys' fees and expenses.

31.     With respect to all causes of action asserted herein, Plaintiff seeks the recovery of prejudgment and post-judgment interest.

## VII. CONDITIONS PRECEDENT

32.     All conditions precedent for Plaintiff to recover under the Policy has been or will be met.

## VIII. JURY DEMAND

33.     Plaintiff requests that a jury be convened to try the factual issues in these causes of action and tender the appropriate fees.

## IX. RESERVATION OF RIGHTS

34.     Plaintiff specifically reserves the right to bring additional causes of action against OHIO SECURITY and to amend this Petition as necessary.

## X. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A.     the Court's declaration that the Policy provides coverage for the damage to the Property, less only a deductible;

B.     alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C.     damages against OHIO SECURITY for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses, enhanced damages, and costs of court;

D.      damages against OHIO SECURITY for violations of the Texas Insurance Code, including, without limitation, economic damages, actual damages, treble damages, court costs, and reasonable and necessary attorneys' fees;

E.      statutory damages, including the applicable percentage of damages penalty for violations of Texas' Prompt Payment of Claims Act; and

F.      any and all other financial relief and rulings to which Plaintiff may be entitled at law and/or as a matter of equity.

Respectfully submitted,

PEARSON LEGAL, P.C.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 732-7766
Facsimile: (210) 229-9277

BY:    _____
MATTHEW R. PEARSON
State Bar No. 00788173
Email:  mpearson@pearsonlegalpc.com
JARRYD S. MORTON
State Bar No. 24102248
Email:  jmorton@pearsonlegalpc.com

**ATTORNEYS FOR PLAINTIFF**
**GOLDMAN VISTA HOLDINGS LLC DBA**
**KRYSTAL CLEAN CAR WASH**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Velma Owen on behalf of Matthew Pearson
Bar No. 00788173
vowen@pearsonlegalpc.com
Envelope ID: 63356562
Status as of 4/7/2022 11:23 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Matthew RPearson | | mpearson@pearsonlegalpc.com | 4/7/2022 11:04:56 AM | SENT |
| Jarryd Morton | | jmorton@pearsonlegalpc.com | 4/7/2022 11:04:56 AM | SENT |
| Velma L.Owen | | vowen@pearsonlegalpc.com | 4/7/2022 11:04:56 AM | SENT |